# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GEORGIA TURNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.:  2:10-CV-3172-VEH** |
| | ) |
| **TRI-STATE INSTITUTE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On November 19, 2010, Plaintiff Georgia Turner ("Ms. Turner") filed an Application Under Section 706(f) of the Civil Rights Act of 1964 (Doc. 1) (the "Title VII Application")[1] against her former employer, Tri-State Institute ("Tri-State"). (*See generally* Doc. 1).  Within this Title VII Application, Ms. Turner requested that an attorney be appointed to represent her.  (Doc. 1 at 1).

Because of concerns over its jurisdiction to hear Ms. Turner's case, on December 3, 2010, the court ordered her to file an Amended Application no later than January 10, 2011.  (Doc. 3 at 5).  In this same order, the court deferred ruling on Ms.

---

[1] The Civil Rights Act of 1964 is a federal anti-discrimination law that is also commonly referred to as Title VII.

Turner's request for the appointment of counsel. (Doc. 3 at 6-7).

Finally, the court made it clear to Ms. Turner that "**if Ms. Turner neglects to timely replead as required, then the court may dismiss this case <u>without prejudice</u> for want of prosecution. Fed. R. Civ. P. 41(b).**" (Doc. 3 at 6). The January 10, 2011, repleading deadline has passed without Ms. Turner's complying with the court's December 3, 2010, order or alternatively seeking additional time in which to do so.

**II. ANALYSIS**

Case law reinforces that, as a result of Ms. Turner's failure to comply with this court's order requiring repleading, the court possesses inherent power to dismiss this case. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that judicial power to dismiss arises from court's inherent authority to enforce its orders); *see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *see also, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."); Fed. R. Civ. P. 37(b) ("If the

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Ms. Turner's flagrant disregard of this court's order requiring repleading means that she has foregone the opportunity to further pursue her currently pending case. However, as this court has previously explained to Ms. Turner, "because the dismissal would be entered 'without prejudice' by the court, Mr. Turner's right, if any, to sue in state or federal court would not be barred by such a dismissal." (Doc. 3 at 6).

### III. CONCLUSION

Ms. Turner's case is due to be dismissed without prejudice because of her failure to prosecute. Ms. Turner's request of the appointment of a lawyer is due to be termed as moot. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 24th day of January, 2011.

                                                                              /s/ V.E. Hopkins
                                                                              **VIRGINIA EMERSON HOPKINS**
                                                                              United States District Judge